IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER HIGGINS,

     Plaintiff,

vs.                                                          No. CIV 03-1176 RB/ACT

BURLINGTON NORTHERN AND
SANTA FE RAILWAY,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Summary Judgment (Doc. 19), filed on October 7, 2004, and Plaintiff's Motion for Consolidation with Case No. CIV 04-1169 WJ/DJS (Doc. 23), filed on November 8, 2004. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that Defendant's motion should be granted and that Plaintiff's motion should be denied.

**I.  Background.**

Plaintiff ("Higgins") was terminated from his employment as a locomotive engineer with Defendant ("BNSF"). Higgins, an Anglo male, filed a charge of reverse discrimination with the EEOC and received a right to sue letter. Higgins appealed his termination through a grievance process and was reinstated in November 2003.

On October 9, 2003, Higgins filed the instant suit, alleging (1) reverse race discrimination in violation of Title VII (Count I); (2) breach of contract (Count II); (3) breach of the implied covenant of good faith and fair dealing (Count III); and (4) wrongful discharge (Count IV). On July 26, 2004,

Counts II and III were dismissed with prejudice by stipulation. BNSF moved for summary judgment on the remaining counts. In his response brief, Higgins has conceded that BNSF is entitled to summary judgment on Count IV. Accordingly, summary judgment will granted in favor of BNSF on Count IV. In light of the stipulation and concession, only Count I remains in dispute.

**II.   Facts.**

In September 2002, Higgins pleaded guilty to attempted child abuse and aggravated battery of a household member. BNSF notified Higgins that it believed that Higgins' conduct violated its General Code of Operating Rules. BNSF held an investigation hearing on October 17, 2002, and determined that Higgins had violated the rules by engaging in the conduct underlying his guilty plea, and by failing to report the matter to BNSF.

On November 17, 2002, Gregory White, BNSF's Southwest Division General Manager terminated Higgins' employment. In reaching his decision, White relied on the fact that Higgins had pleaded guilty to attempted child abuse and aggravated battery of a household member. White also believed that Higgins had been convicted of a felony. Higgins filed a union grievance. In November 2002, Higgins was reinstated with full back pay and benefits.

**III.   Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

2

any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**IV.  Discussion.**

**A.     Whether Higgins can establish a prima facie case of reverse discrimination.**

Higgins alleges that he was terminated because he is Anglo.  Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of race.  *See* 42 U.S.C. § 2000e-2(a)(1).  A plaintiff alleging discrimination in violation of Title VII may prove intentional discrimination through direct evidence, or through indirect evidence using the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).

Under the *McDonnell Douglas* framework, a plaintiff has the initial burden of establishing a

3

prima facie case of discrimination by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802-804. If the plaintiff establishes a prima facie case, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the challenged personnel action. *Id*. The plaintiff then bears the ultimate burden of demonstrating that the defendant's stated reason is a pretext for unlawful discrimination. *Id*. at 804. In most cases alleging race discrimination, a plaintiff must establish that (1) he belongs to a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) he was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998).

In cases alleging reverse discrimination, the usual prima facie showing is modified because the plaintiff belongs to an historically favored group. *Sanchez v. Phillip Morris, Inc.*, 992 F.2d 244, 248 (10th Cir. 1993). Higgins recognizes that, as an Anglo, he falls within such an historically favored group. Instead of merely showing that he belongs to a protected class, Higgins must show that BNSF is the unusual type of employer that discriminates against the majority. *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995); *Notari v. Denver Water Dept.*, 971 F.2d 585, 589 (10th Cir. 1992). Alternatively, Higgins can make out a prima facie case of reverse discrimination if he presents direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the fact that he is Anglo, he would not have been terminated. *Notari*, 971 F.2d att 590.

Higgins submitted his own deposition testimony and an affidavit from Victor Jaurequi, former Local Chairman for the Brotherhood of Locomotive Engineers Division 466. (Pl. Exs. 7 and 8.) Higgins testified to his personal belief that Hispanic employees who pleaded guilty to crimes were not terminated. (Pl. Ex. 7.) Mr. Jaurequi averred that he had represented an Hispanic locomotive engineer who had received a conditional discharge. (Pl. Ex. 8.) Unlike Higgins, however, the

Hispanic worker was suspended for thirty days and received back pay for the thirty day period after he documented the conditional discharge. (*Id.*) Mr. Jaurequi additionally stated that he represented another Hispanic locomotive engineer who had "run a red block" and was suspended for six months. (*Id.*) Mr. Jaurequi did not elaborate on the specifics of his examples.

Higgins' submissions consist of mere conjecture and anecdotal incidents. Higgins has failed to present any evidence of background circumstances that suggest that BNSF is an unusual employer that discriminates against the majority. Nor has he presented direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the fact that he is Anglo, he would not have been terminated. Higgins' reverse discrimination claim lacks factual support from which a reasonable jury could find in his favor. Higgins has not offered sufficient, competent evidence to withstand summary judgment on Count I. For this reason, BNSF is entitled to summary judgment. *McGarry*, 175 F.3d at 1201.

**B. Motion to Consolidate.**

In February 2004, BNSF terminated Higgins for a second time. On October 14, 2004, Higgins filed CIV 04-1169 WJ/DJS, alleging retaliation in violation of Title VII based on his February 2004 termination. Higgins has moved to consolidate CIV 04-1169 WJ/DJS with the instant case. In deciding whether to consolidate cases, a court should initially determine if the pending actions share a common question of law or fact. FED. R. CIV. P. 42 (a). Because BNSF is entitled to summary judgment on all remaining counts in this case, Higgins' motion to consolidate will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 19), filed on October 7, 2004, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consolidation with Case No. CIV 04-1169 WJ/DJS (Doc. 23), filed on November 8, 2004, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**